UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| ADONAI EL-SHADDAI (a/k/a J.R. WILKERSON),<br><br>           Plaintiff,[1]<br><br>     v.<br><br>JEANNE WOODFORD, Director, California Department of Corrections, and D.L. Runnels, Warden, High Desert State Prison,<br><br>           Defendants. | NO. CV-08-2429-EFS (PC)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Before the Court, without oral argument, is Defendants' Motion to Dismiss Second Amended Complaint, filed May 12, 2009.  (Ct. Rec. 23.) Defendants ask the Court to dismiss Plaintiff Adonai El-Shaddai's Second Amended Complaint (Ct. Rec. 18) because he is a vexatious litigant not entitled to in forma pauperis ("IFP") privileges.  After review, the Court agrees that Plaintiff is a vexatious litigant but declines to

---

[1] While the Court recognizes that Plaintiff's adopted name is Adonai El-Shaddai, it nevertheless adds Plaintiff's birth name, J.R. Wilkerson, to the caption to ensure proper mail delivery because Plaintiff's birth name is what the California Department of Corrections has on file.

ORDER * 1

dismiss Plaintiff's action on this basis; instead, Plaintiff shall pay the full $350.00 filing fee within twenty (20) days from the date of this Order or the above-captioned matter will be dismissed for failure to prosecute. The reasons for the Court's Order are set forth below.

## I. Background

Plaintiff filed a Prisoner Civil Right's Complaint, along with an IFP Application, on October 14, 2008. (Ct. Rec. 1.) Having only the benefit of Plaintiff's prison trust account statement, the Court granted Plaintiff's IFP Application. (Ct. Rec. 16.) Plaintiff then amended his complaint once as a matter of right (Ct. Rec. 11), and again with the Court's leave (Ct. Rec. 14). The Court then screened Plaintiff's Second Amended Complaint, found that it stated plausible procedural due process claims (Ct. Rec. 19), and directed the U.S. Marshals to serve Defendants (Ct. Rec. 21). In lieu of answering Plaintiff's Second Amended Complaint, Defendants filed the dismissal motion now before the Court. (Ct. Rec. 23.)

## II. Discussion

Defendants argue that Plaintiff's IFP status should be revoked and his civil rights action dismissed because he was previously determined to be a vexatious litigant under 28 U.S.C. § 1915(g) by Judge Rudi Brewster in the Southern District of California. (Ct. Rec. 24, Ex. B.)[2]

The Prison Litigation Reform Act of 1996 prohibits a prisoner from proceeding IFP if he has, on three (3) or more occasions, while

---

[2] Judge Brewster's Order identifies Plaintiff as "J.R. Wilkerson." This is Plaintiff's birth name; Plaintiff adopted the name "Adonai El-Shaddai" while in prison. (Ct. Rec. 1, Ex. A.)

ORDER * 2

incarcerated or detained, brought an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A limited exception exists if the prisoner is under imminent danger of serious physical injury. *Id.*

This bar on vexatious IFP litigation is referred to as the "three-strikes provision." *Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005).[3] The burden of establishing that a prisoner has "three strikes to their name" rests on defendants. *Id.* at 1120. Defendants meet this burden by producing sufficient court records or other documentation for the district court to determine that a prior case was dismissed because it was "frivolous, malicious, or failed to state a claim." *Id.* (internal quotations omitted).

On October 28, 1997, Judge Brewster reviewed Plaintiff's prisoner litigation history and identified seven (7) cases qualifying as strikes for purposes of designating Plaintiff as a vexatious litigant. (Ct. Rec. 24, Ex. B.)[4] The Court reviewed these cases and agrees with Judge Brewster's findings - Plaintiff is a vexatious litigant. The Court

---

[3] "Strikes" are prior cases, brought while the plaintiff was a prisoner, which were dismissed because the matters were frivolous, malicious, or failed to state a claim. *Andrews*, 398 F.3d at 1116 n.1.

[4] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

ORDER ~ 3

nevertheless declines to dismiss Plaintiff's case on this basis; rather, the Court will give Plaintiff an opportunity to proceed with this matter by remitting the full $350.00 filing fee.

As mentioned, a limited exception to the IFP filing bar exists if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Here, Plaintiff's claims turn on alleged interference with his access to the courts and freedom of association. There are no allegations of imminent danger or serious physical injury. As such, the limited exception is inapplicable.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss Second Amended Complaint **(Ct. Rec. 23)** is **GRANTED** (IFP status revoked) and **DENIED** (dismissal) **IN PART**.

2. If Plaintiff wishes to proceed with this action, he must remit the full $350.00 filing fee to the Clerk's Office for the Eastern District of California, 501 I Street, Sacramento, CA, 95814, **within twenty (20) days from the date of this Order**. Failure to do so will be construed as consent to dismissal of this action.

\\
\\
\\
\\

ORDER * 4

1 **IT IS SO ORDERED.** The District Court Executive is directed to enter
2 this Order and forward a copy to Plaintiff and defense counsel.
3     **DATED** this ___16th___ day of June 2009.

                         S/ Edward F. Shea
                            EDWARD F. SHEA
                   United States District Judge

C:\WINDOWS\Temp\notes101AA1\ED.CA.08.2429.IFP.Revoke.wpd

ORDER * 5